**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NATALIE SPERLING and EUGENE SPERLING, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:21-cv-760 |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and NATIONSTAR MORTGAGE, LLC, | § § § § § § | With Jury Demand Endorsed |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs, Natalie Sperling and Eugene Sperling ("Plaintiffs"), by and through counsel, for their Complaint against Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Nationstar Mortgage, LLC, jointly, severally, and in solido, state as follows:

### I.   INTRODUCTION

1.      Three of the Defendants are, consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one defendant, Nationstar Mortgage, LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit

Reporting Act (the "FCRA"). Plaintiffs seek to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2.      Plaintiffs, Natalie Sperling and Eugene Sperling, are natural persons residing in Rutland, Massachusetts.  They are "consumers," as defined by the FCRA, 15 U.S.C. § 1681a(c) and victims of repeated  false credit reporting.

**Made Defendants herein are**:

3.      Equifax Information Services, LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Georgia corporation with its principal place of business in Georgia. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants,", does business in this judicial district and is an Ohio corporation with its principal place of business in California. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties.

Experian disburses such consumer reports to third parties of contract for monetary compensation.

5. Trans Union, LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Delaware corporation with its principal place of business in Illinois. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6. Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Texas corporation with its principal place of business in Texas and may be served by delivering a summons to its Legal Department at Nationstar Headquarters, 8950 Cypress Waters Blvd, Coppell, TX 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

7. Nationstar is a servicer as defined by RESPA, 12 U.S.C. § 2605(i)(2).

8. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining

and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### III. JURISDICTION AND VENUE

9.      Plaintiffs respectfully assert that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331; 15 U.S.C. § 1681(p); 12 U.S.C. § 2614.  Further, the matter in controversy exceeds $75,000.00,  exclusive of costs and interest and the parties to these proceedings are citizens of different states. 28 U.S.C. § 1332**.**  Plaintiffs also assert actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiffs respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367**.**

10.      Venue is proper in this District, because CRA Defendants and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiff's claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

11.      Venue is further proper in this District, because CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiffs. Any and all requests to investigate Plaintiffs' disputes sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiffs' mortgage from this judicial district including communicating

amounts owed, conducting numerous communications via phone and letter, and investigating Plaintiffs written requests and responding thereto.

## IV.  FACTUAL ALLEGATIONS

12.     In 2012, Plaintiffs secured a mortgage for their home at 346 Pleasantdale Road, Rutland, MA 01543 with Seterus, Inc.

13.     In March 2019, Seterus Inc. was acquired by Nationstar.

14.     Plaintiffs made regular monthly payments to Seterus and/or Nationstar during the months in question.

15.     A redacted copy of Plaintiffs' payment history is attached hereto as Exhibit "A".

16.     In September 2020, Plaintiffs requested and received a copy of their credit report assembled, evaluated, and disbursed by Equifax, Experian, and Trans Union and noticed that their Seterus and/or Nationstar mortgage accounts were reporting inaccurately.

17.     Plaintiffs noticed that within their credit reports, the Seterus account mortgage payments were being reported as late for the months of February 2016, March 2017, and June 2017, despite these payments actually being timely.

18.     A copy of Natalie Sperling's Tri-merge credit report is attached hereto as Exhibit "B".

19.     A copy of Eugene Sperling's Equifax, Experian, and Trans Union credit reports are attached hereto as Exhibit "C", "D", and "E" respectively.

20.     In December 2020, Plaintiffs disputed the reporting of the Seterus and/or Nationstar mortgage account with Equifax, Experian, and Trans Union. In all the dispute letters, Plaintiffs

included documentary evidence of Plaintiffs' timely payment history. Plaintiffs requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiffs' credit reports concerning the Nationstar mortgage account.

21.     Plaintiff's dispute letter sent to Defendants Equifax, Experian, and Trans Union are attached hereto as Exhibits "F", "G", and "H" respectively.

22.     Equifax failed to respond to Plaintiffs dispute letter.

23.     Upon the Plaintiffs' request to Equifax for verification and addition regarding the Seterus and/or Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims, or evidence. Further, Equifax did not make any attempts to substantially or reasonably verify the Nationstar reporting lines.

24.     In the alternative, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims, or evidence. Importantly, Equifax failed to maintain procedures which would ensure that, if any investigation took place, it would provide Plaintiffs with a response communicating the results. Further, Equifax did not make any attempts to substantially or reasonably verify the Seterus and/or Nationstar reporting lines.

25.     In the alternative to the allegation that Equifax failed to contact Nationstar, Equifax failed to respond to the dispute letter or conduct any reasonable investigation.

26.     Experian responded to Plaintiffs dispute on or about December 31, 2020.

27.     A copy of Experian's response letter to Plaintiffs dispute is attached hereto as Exhibit "I" and incorporated herein by reference.

28.     In its response letter to Plaintiffs ("Experian's Response Letter"), Experian failed to

offer any explanation or make any changes to the reports.

29.     Upon the Plaintiffs request to Experian for verification and addition regarding the Seterus and/or Nationstar mortgage account, Experian failed to perform any investigation, particularly in regard to Plaintiffs dispute. A reasonable investigation would have shown the payment history was incorrect and needed to be modified.

30.     In the alternative, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiffs information, claims, or evidence. Importantly, Experian failed to maintain procedures which would ensure that, if any investigation took place, it would provide Plaintiffs with a response communicating the results. Further, Experian did not make any attempts to substantially or reasonably verify the Nationstar reporting lines.

31.     In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

32.     Trans Union responded to Plaintiffs disputes on or about December 30, 2020.

33.     A copy of Trans Union's response letters to Plaintiff Natalie Sperling and Plaintiff Eugene Sperling, are attached hereto as Exhibit "J" and "K", respectively, and incorporated herein by reference.

34.     In its response letters to Plaintiffs ("Trans Union's Response Letters"), Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiffs' Nationstar mortgage account and Seterus mortgage account.

35.     Upon the Plaintiffs' request to Trans Union for verification and addition regarding

the Seterus and/or Nationstar mortgage account, and in accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiffs information, claims or evidence and did not make any attempt to substantially or reasonably verify the Seterus and/or Nationstar reporting lines.

36.     In the alternative, Trans Union failed to contact Seterus and/or Nationstar and failed to perform an investigation.

37.     In the alternative to the allegation that Trans Union failed to contact Nationstar, it is alleged that Trans Union did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

38.     After the CRAs notified Nationstar of the disputed tradeline involving the Seterus mortgage account, Nationstar failed to change or correct any of the information. Instead, Nationstar reaffirmed and continued to furnish to the CRAs incorrect, misleading, and damaging information about Plaintiffs' mortgage accounts.

39.     All CRA defendants continue to publish inaccurate information to this day.

40.     A copy of Natalie Sperling's February 2021 Tri-merge credit report is attached hereto as Exhibit "L".

41.     A copy of Eugene Sperling's February 2021 Equifax, Experian, and Trans Union credit reports are attached hereto as Exhibit "M", "N", and "O" respectively.

42.     In October 2020, Plaintiff also sent a "qualified written request" or a "notice of error" letter directly to Nationstar to investigate its servicing practices and reporting of the Seterus and Nationstar mortgage and asked Nationstar to provide information and respond with any findings of any errors.

43.     A redacted copy of Plaintiff's unsigned letter to Nationstar is attached hereto as Exhibit "P" and incorporated by reference herein.

44.     Nationstar responded to Plaintiff's "qualified written request" or "notice of error" letter on November 2, 2020. A redacted copy of Nationstar's response is attached hereto as Exhibit "Q" and incorporated by reference herein.

45.     Nationstar's response stated that the reporting in question were reported correctly.

46.     Nationstar's response did not satisfy its obligations under RESPA and failed to address and fix errors that it knew existed in further violation of RESPA.


## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

47.     Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

48.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

49.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

50.     Plaintiffs provided Equifax with the necessary information to dispute the errors, yet Equifax continued to prepare a patently false consumer report concerning Plaintiffs.

51.     Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Equifax readily provided false reports to one or more third party, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

52.     As a result of Equifax's conduct, action, and inaction, Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

53.     Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

54.     Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

55.     Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

56.     Equifax violated 15 U.S.C. § 168li on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar Mortgage LLC, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file, and relying upon verification from a source it has reason to know is unreliable.

57.     As a result of Equifax's conduct, action, and inaction, Plaintiffs suffered damages,

including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

58.     Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

59.     Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

60.     Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

61.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

62.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

63.     Plaintiffs provided Experian with the necessary information supporting Plaintiffs' tradeline, yet Experian continued to prepare a patently false consumer report concerning Plaintiffs.

64.     Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Experian readily provided false reports to one or more third party, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

65.     As a result of Experian's conduct, action, and inaction, Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

66.     Experian's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

67.     Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

68.     Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

69.     Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar Mortgage LLC, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file, and relying upon verification from a source it has reason to know is unreliable.

70.     As a result of Experian's conduct, action, and inaction, Plaintiffs suffered damages,

including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

71.     Experian' s conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

72.     Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

73.     Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

74.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiffs.

75.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

76.     Plaintiffs provided Trans Union with the necessary information supporting Plaintiffs' tradeline, yet Trans Union continued to prepare a patently false consumer report concerning Plaintiffs.

77.     Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Trans Union readily provided false reports to one or more third party, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

78.     As a result of Trans Union's conduct, action, and inaction, Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

79.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

80.     Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

81.     Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

82.     Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar Mortgage LLC, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file, and relying upon verification from a source it has reason to know is unreliable.

83.     As a result of Trans Union's conduct, action, and inaction, Plaintiffs suffered

damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

84.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

85.     Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT VII – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

86.     Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify, delete, and/or block the information.

87.     Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiffs' credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiffs' dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

88.     As a result of Nationstar's conduct, action, and inaction, Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

89.     Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

<strong>COUNT VIII – NATIONSTAR'S VIOLATION OF RESPA</strong>

90.     Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

91.     Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

92.     Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

93.     Nationstar further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

94.     Nationstar violated Regulation X by reporting the Plaintiff as late or delinquent during a loss mitigation plan when Plaintiff performed as required according to the terms of the plan.

95.     Under a commentary from the Federal Reserve for Regulation X, RESPA, it states

"'[d]elinquency begins on the day a payment sufficient to cover principal, interest, and if applicable, escrow for a given billing cycle is due and unpaid.' Borrowers are not delinquent if they are performing according to the terms of a loss mitigation plan, but they become delinquent if and when they fail to make a payment required under such a plan." Federal Reserve Supervision and Regulation Letters on RESPA, under 12 CFR 1024.39 (a)

96.     Nationstar's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

97.     Defendant Nationstar is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

98.     Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

99.     Plaintiffs will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

100.    Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be

awarded against the Defendants under the provisions of the FCRA, and/or states' laws, including Texas.

101.    Plaintiffs respectfully request that this Honorable Court award Plaintiffs their litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA, and/or other laws.

102.    The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiffs.

103.    Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiffs and have been a substantial factor in causing credit denials and other damages.

104.    Plaintiffs suffered a variety of damages, including economic and non-economic damages as prayed for herein.

105.    Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiffs.

106.    Defendants are liable unto Plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PREMESIS CONSIDERED, Plaintiffs, Natalie Sperling and Eugene Sperling, pray that this Honorable Court:

A.    Enter Judgment in favor of Plaintiffs and against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Nationstar Mortgage, LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiffs, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiffs;

C.    Award Plaintiffs pre-judgment and post-judgment interest, as allowed by law;

D.    Order that the CRA Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Furnisher Defendant, Nationstar Mortgage, LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiffs and/or any of Plaintiffs' personal identifiers.

E.    Grant such other and further relief, in law or equity, to which Plaintiffs might show they are justly entitled.

DATE: <u>April 1, 2021</u>                    Respectfully submitted,

                                             */s/ Matthew P. Forsberg*
                                             Matthew P. Forsberg
                                             MN State Bar Number 0400067
                                             Matt@FieldsLaw.com
                                             FIELDS LAW FIRM
                                             9999 Wayzata Blvd.
                                             Minnetonka, Minnesota 55305
                                             (612) 383-1868 (telephone)
                                             (612) 370-4256 (fax)

                                    Email: FCRA-TX@fieldslaw.com

                                    **LAW OFFICE OF JONATHAN A. HEEPS**
                                    By: /s/ *Jonathan A. Heeps*
                                    Jonathan A. Heeps
                                    TX State Bar Number (24074387)
                                    Local Counsel for Plaintiff
                                    P.O. Box 174372
                                    Arlington, TX 76003
                                    (682) 738-6415 (telephone)
                                    (844) 738-6416 (fax)
                                    Email: jaheeps@heepslaw.com

                                    COUNSEL FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Date April 1, 2021                    */s/ Matthew P. Forsberg*
                                      Matthew P. Forsberg